UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ashley Parry, Rosalina Naida, Monica Leone and Maria Nagle | ) ) ) | No. 1:15-CV-00114-SO |
| Plaintiffs, | ) ) ) | (Assigned to the Honorable Solomon Oliver, Jr.) |
| v. | ) ) | |
| Westlake Bistro Group, Inc, West 6th Partners Inc., Thomas Culkar, Molly Culkar and Joseph Hanna | ) ) ) ) | **MOTION TO COMPEL DISCOVERY RESPONSE AND FOR PAYMENT OF ATTORNEY FEES** |
| Defendants. | ) | |

Now comes Plaintiffs, Ashley Parry, Rosalina Naida, Monica Leone and Maria Nagle; by and through counsel; and pursuant to Fed. R. Civ. P. 37(a), Local Rule 37.1 and Local Rule 37.2; and hereby move this Honorable Court for an order compelling the discovery response of Defendants, Westlake Bistro Group, Inc., West 6th Partners, Inc., Thomas Culkar, Molly Culkar and Joseph Hanna. Plaintiff's further move this Honorable Court for an order requiring Defendants to pay the reasonable expenses and attorney incurred in the prosecution of this matter.

Plaintiffs served their respective Requests for Production of Documents upon Defendants on July 8, 2015. Each discovery request sought the production of the following documents which are pertinent to this Motion:

1. All records and document evidencing any hours during which Plaintiff worked for the Defendant, including but not limited to timesheets, tax records, notes, correspondence, payroll record, electronic time records, and recorded statements.

2.  All documents reflecting any wages paid by the Defendant to Plaintiff.

---

7.  All employee records, time records, and/or documents evidencing Plaintiff's employment.

8.  All documents reflecting any wages paid to Plaintiff, including, but not limited to, pay stubs, pay records, and pay checks.

---

12. All documents reflecting any hours worked by Plaintiff.

---

19. Any and all documents evidencing the manual changing of employee time clock records.

Defendants, in their respective responses, generally averred that they were not in possession or did not have access to any of the documents sought by Plaintiffs, or that they had otherwise provided the documentation to Plaintiffs in their initial disclosures. (See Exhibits "A" and "B" attached hereto). However, Defendants' initial disclosures provided none of the payroll or time clock records requested.

The documents sought by Plaintiffs are germane to Plaintiffs' claims that Defendants failed to pay minimum wage, manipulated time clocks, failed to pay overtime and failed to pay the proper rate of overtime. Plaintiffs, through their own endeavors, are in possession of bits and pieces of the documents sought which clearly evidence willful violations of the FLSA. For example, edited time reports from Panini's Westlake show that Defendants engaged in the routine practice of intentional time shaving. (See "Edited Punches Report" attached hereto as Exhibit "C"). Moreover, timeclock reports and the corresponding payroll records show a continuous pattern of Defendants' failure to pay Plaintiffs overtime whatsoever and failure to pay Plaintiffs overtime at the proper rate. (See Exhibits "D1-D3" with corresponding tables attached hereto). Additionally, as exhibited in Exhibit D1,

Plaintiffs are in possession of a very limited number of pay stub reports, the remainder of which are conspicuously absent from any of Defendants' Disclosures or Discovery Responses.

In addition to being evidence of Defendants' willful FLSA violations, the documentation sought by Plaintiffs is necessary to calculate the damages for unpaid wages and unpaid overtime that are owed to them.

Fed. R. Civ. P. 37(a) governs the failure of a party to provide discovery requested. Specifically, it contemplates that the aggrieved party may move the court for an order to compel, provided that the aggrieved party made a good faith effort to resolve the discovery dispute without the court's involvement. Fed. R. Civ. P. 37(b) further provides that "[i]f the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Counsel for Plaintiffs first notified Counsel for Defendants that Defendants' discovery responses were deficient at a deposition on September 3, 2015. Counsel for Plaintiffs then followed up with an email to Counsel for Defendants on September 8, 2015 in which it was specifically requested that Defendants produce all time clock reports, edited time clock reports and payroll records for all Plaintiffs from January 1, 2012 to present. (See Exhibit "E" attached hereto). Counsel for Plaintiffs requested the response within fourteen (14) days and invited Defendants to request a reasonable extension if need be.

Defendants' response never came. Following this fourteen (14) day grace period, Counsel for Plaintiffs sent another email to Counsel for Defendants on September 22, 2015. (See Exhibit "F" attached hereto). Counsel for Plaintiffs again informed Defendants that their responses were delinquent and asked that the requested time clock reports, edited time clock reports and payroll records be produced immediately. Counsel for Defendants Joseph Hanna and West 6th Partners, Inc. contacted Counsel for Plaintiffs via telephone to explain that his clients had access to a limited amount of the records sought. He indicated that attempts were being made but was unable to concretely state whether the documents would be produced or when such production might occur. Counsel for Defendants Thomas Culkar and Molly Culkar has provided no indication that the documents being sought will be forthcoming.

Nearly three (3) months has passed since Defendants were served with Plaintiffs' discovery requests. Plaintiffs have made good faith efforts to resolve this dispute without the Court's involvement on no less than three (3) separate occasions. The documents remain unproduced and Defendants have provided no substantial justification for their refusal or delay in producing such documents. Instead, Defendants have been largely unresponsive to Plaintiffs' attempts to resolve this matter.

As such, Plaintiffs must respectfully request that this Honorable Court issue an order compelling Defendants to produce the time clock reports, edited time clock reports and payroll records sought by Plaintiffs. Additionally, per Fed. R. Civ. P. 37(b), Plaintiffs respectfully request that Defendants be required to pay the reasonable attorney fees and expenses incurred in the resolution of this matter.

Respectfully submitted,


/s/ *James L. Simon*
James L. Simon

James L. Simon (#0089483)
Law Offices of Andrew J. Simon
6000 Freedom Square Drive
Freedom Square II - Suite 165
Independence, Ohio 44131
Telephone:  (216) 525-8890
Facsimile:  (216) 642-5814
Email:  jameslsimonlaw@yahoo.com
*Counsel for Plaintiffs*


/s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II

Clifford P. Bendau, II (#0089601)
THE BENDAU LAW FIRM, PLLC
6350 E. Thomas Rd., Ste. 330
Scottsdale, AZ 85251
Telephone:  (480) 296-7887
Facsimile:  (480) 429-3679
Email:  cliffordbendau@bendaulaw.com
*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that on this 25th day of September 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court system.

/s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II