UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ashley A. Parry, Rosalina M. Naida, Monica F. Leone, and Maria E. Nagle,<br><br>Plaintiffs,<br><br>v.<br><br>Westlake Bistro Group, Inc., an Ohio Corporation, West 6th St. Partners, Inc., an Ohio Corporation, Thomas Culkar, Molly Culkar, and Joseph Hanna,<br><br>Defendants. | No. 1:15-CV-00114-SO<br><br>**DEFENDANT THOMAS CULKAR'S RESPONSES TO ASHLEY PARRY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**TO:** Defendant Thomas Culkar, his agents and representatives and his attorney(s) of record:

Pursuant to Rule 34, Federal Rules of Civil Procedure, Plaintiff Ashley Parry requests that Defendant, Thomas Culkar ("Defendant," "Thomas Culkar," or "you"), produce for inspection and copying within thirty (30) days of receipt of these requests the documents listed below.

## INSTRUCTIONS

1. The terms "you" and "your" as used in these Interrogatories means the Defendant named above and any related entities who may be liable for the damages sought herein. The definition also includes any individuals or agents employed in any management position; any lawyers retained by you on this or any other claim; and any other agents who have performed services on your behalf at any time material to this action.

2. The term "Thomas Culkar" refers to the Defendant Thomas Culkar.

3. The term "Defendant" or "Defendants" refers to Defendant Joseph Hanna, Thomas Culkar, Molly Culkar, Westlake Bistro Group, Inc., and/or West 6th St. Partners, Inc., as applicable, relative to Plaintiff's employment with Panini's Westlake.

4. The term "Plaintiff" refers to Plaintiff Ashley Parry.

5. The singular includes the plural, and vice versa. The masculine includes the

# EXHIBIT A

1  feminine and vice versa.

2  6.  "All" shall be construed as "all and each" and the term "each" shall be
3  construed as "all and each."

4  7.  "Document" means any kind of written, typewritten, or printed material
5  whatsoever, any kind of graphic material, and any computer readable media including, but
6  without limitation, papers, agreements, contracts, notes, memoranda, correspondence,
7  electronic mail messages, studies, working papers, letters, telegrams, invoices, personal
8  diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic
9  tapes, discs and printed cards, data sheets, data processing cards, personal calendars,
10 journals, diaries, inter office memoranda, minutes and records of any sorts of meetings,
11 financial statements, financial calculations, estimates, reports of telephone or other oral
12 conversations, appointment books, maps, drawings, charts, graphs, photographs, sound
13 recordings, videotape recordings, computer printouts, microfilms, information sent or
14 received via the internet, information stored electronically or on computer chips, disks or
15 databases, all other compilations of data from which information can be obtained or
16 translated if necessary, by plaintiff through detector devices into reasonable usable form and
17 all other writings and recordings of any kind, however produced or reproduced whether
18 signed or unsigned. The term "document" includes without limitation the original and all file
19 copies and other copies that are not identical to the original no matter how or by whom
20 prepared, and all drafts prepared in connection with any documents, whether or not used. If
21 the original of any document is not in your possession, custody or control, a copy of that
22 document should be produced.

23 8.  "Person" shall mean and include an actual person, partnership, firm,
24 corporation, joint venture, sole proprietorship, or any other business or legal or fictional
25 entity of any kind and their agents and employees.

26 9.  When documents are requested, such requests include documents in the
27 custody or control of the party's agents, party representatives, predecessors in interest,
28 successors in interest, subsidiaries, parent, expert, persons consulted concerning any factual

THE BENDAU LAW FIRM PLLC
6350 East Thomas Road | Suite 330
Scottsdale, Arizona 85251

2

successors in interest, subsidiaries, parent, expert, persons consulted concerning any factual matters or matter of opinion relating to any of the facts or issues involved in this case. And includes unless privileged the party's attorney.

10. If you are not producing any document response to a request, your answer should make it clear that you are not producing any documents responsive to that request.

11. For each document that is withheld under a claim of privilege, please provide the following information:

    a. The date the document was prepared or created;

    b. The name and title of the author or authors of the document;

    c. A summary of the subject matter of the document;

    d. The identity of each person or persons who assisted the author or authors in creating the document;

    e. The identity of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the dates of such communication, and the title of each such person;

    f. A statement of the basis on which the privilege is claimed; and

    g. The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f) above.

## REQUEST FOR PRODUCTION

1. All documents reflecting any wages paid by the Defendant to Plaintiff as a manager.

> Answering Defendant has produced all documents relative to this litigation in his possession in initial disclosures. See also initial disclosures of Co-Defendants.

3

3.  All manuals, training books, corporate manuals, employee handbooks, or any other documentation regarding Defendant's policies and procedures for its tipped employees.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

4.  All correspondence between Plaintiff, or any representative of Plaintiff, and any representative of the Defendant, regarding Plaintiff's employment with the Defendant.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

5.  All documents which support any affirmative defense to Defendant.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

6.  All correspondence regarding any aspect of Plaintiff's employment with the Defendant, including but not limited to, correspondence between corporate, managers, owners, supervisors, any employee of the Defendant, or any third party.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

7.  All employee records, time records, and/or documents evidencing Plaintiff's employment.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

8. All documents reflecting any wages paid to Plaintiff, including, but not limited to, pay stubs, pay records, and pay checks.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

9. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff of the amount of cash wage that was to be paid to Plaintiff by Defendant prior to taking the tip credit from Plaintiff's minimum wage.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

10. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff of the additional amount by which the wages of Plaintiff were increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received by Plaintiff.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

11. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff that all tips received by Plaintiff must be retained by Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

12. All documents reflecting any hours worked by Plaintiff.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

13. All documents which reflect any duties or job-related tasks required to be performed by Plaintiff.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

14. All transcripts of any deposition, hearing, or trial testimony given over the past five years by any of your present or former employees, agents, experts, or representatives in any lawsuit or hearing in the State of Ohio or in a Federal Court located in the Sixth Circuit concerning any claim for outstanding wages against the Defendant.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

15. All documents signed by Plaintiff during Plaintiff's employment by Defendant.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

16. All documents detailing Defendant's manager compensation bonuses, including, but not limited to, manager efficiency bonuses, and how they are achieved.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

17. All documents detailing the process(es) by which Defendant disciplines, docks pay, and/or otherwise punishes managers and supervisory employees for offenses, including, but not limited to, inefficiency, permitting employees to work on the clock in excess of forty (40) hours per week, and failing to clock employees out for breaks.

> Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

6

18. Documentation of any conversations between management and any employee regarding the violations alleged in this case and the substance of those conversations, including but not limited to any potential consequences for the employee of inquiring further into the violations.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

19. Any and all documents evidencing the manual changing of employee time clock records.

    Answering Defendant has produced all documents relative to this litigation in his production in initial disclosures. See also initial disclosures of Co-Defendants.

DATED this 27th day of August, 2015.

DANIEL M. SUCHER (0055404)
Dan Sucher Law Co., L.P.A.
1001 Jaycox Road
Avon, Ohio 44140
Telephone: 440-937-9100
Facsimile: 440-937-6699
Email: daniel@dansucherlaw.com
*Attorney for Defendant*
*Thomas Culkar*

ORIGINAL of the foregoing
Sent email and U.S. Mail
this 27th day of August, 2015, to:

Clifford P. Bendau II
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
*Attorney for Plaintiffs*

With a copy to:

Steven C. Polly
James W. Ellis
Battle & Polly LLC
1250 Linda St., Ste. 100
Rocky River, OH 44116
*Attorneys for Defendants, Joseph Hanna, and*
*West 6th Street Partners, Inc.*