# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ashley A. Parry, Rosalina M. Naida, Monica F. Leone, and Maria E. Nagel, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Westlake Bistro Group, Inc., an Ohio Corporation West Sixth Street Partners, Inc. an Ohio Corporation, Thomas Culkar, Molly Culkar and Joseph Hanna<br><br>    Defendants. | CASE NO. 1:15 - cv - 00114<br><br>JUDGE SOLOMON OLIVER, JR. |

### DEFENDANT JOSEPH HANNA'S RESPONSES TO PLAINTIFF ASHLEY PARRY'FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's First Set of Requests for the Production of Documents in their entirety to the extent they request information that is privileged or constitutes work product.

2. Defendant objects to Plaintiff's First Set of Requests for the Production of Documents in their entirety to the extent they seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to Plaintiff's First Set of Requests for the Production of Documents in their entirety to the extent that they are overbroad, burdensome, harassing or oppressive.

4. Defendant objects to Plaintiff's First Set of Requests for the Production of Documents to the extent that they seek admission regarding documents and issues for which Plaintiff bears the burden of production.

5. Defendant objects to Plaintiff's definition of "Employer".

## **REQUEST FOR PRODUCTION**

1. All records and document evidencing any hours during which Plaintiff worked for the Defendant, including but not limited to timesheets, tax records, notes, correspondence, payroll record, electronic time records, and recorded statements.

Response:

Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

2. All documents reflecting any wages paid by the Defendant to Plaintiff.

Response:

Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

3. All manuals, training books, corporate manuals, employee handbooks, or any other documentation regarding Defendant's policies and procedures for its tipped employees.

Response:

Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

4. All correspondence between Plaintiff, or any representative of Plaintiff, and any representative of the Defendant, regarding Plaintiff's employment with the Defendant.

Response:

Defendant has no responsive documents in his possession, custody or control.

5. All documents which support any affirmative defense to Defendant.

   Response:

   Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

6. All correspondence regarding any aspect of Plaintiff's employment with the Defendant, including but not limited to, correspondence between corporate, managers, owners, supervisors, any employee of the Defendant, or any third party.

   Response:

   Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

7. All employee records, time records, and/or documents evidencing Plaintiff's employment.

   Response:

   Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

8. All documents reflecting any wages paid to Plaintiff, including, but not limited to, pay stubs, pay records, and pay checks.

   Response:

   Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

9. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff of the amount of cash wage that was to be paid to Plaintiff by Defendant prior to taking the tip credit from Plaintiff's minimum wage.

Response:

Defendant has no documents responsive to this request in his possession, custody or control.

10. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff of the additional amount by which the wages of Plaintiff were increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received by Plaintiff.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

11. All documents reflecting that Defendant, its managers, agents, employees, and/or representatives informed Plaintiff that all tips received by Plaintiff must be retained by Plaintiff except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

12. All documents reflecting any hours worked by Plaintiff.

    Response:

    Defendant has produced all responsive records in his possession, custody or control in his initial disclosures.

13. All documents which reflect any duties or job-related tasks required to be performed by Plaintiff.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

14. All transcripts of any deposition, hearing, or trial testimony given over the past five years by any of your present or former employees, agents, experts, or representatives in any

lawsuit or hearing in the State of Ohio or in a Federal Court located in the Sixth Circuit concerning any claim for outstanding wages against the Defendant.

Response:

Defendant has no documents responsive to this request in his possession, custody or control.

15. All documents signed by Plaintiff during Plaintiff's employment by Defendant.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

16. All documents detailing Defendant's manager compensation bonuses, including, but not limited to, manager efficiency bonuses, and how they are achieved.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

17. All documents detailing the process(es) by which Defendant disciplines, docks pay, and/or otherwise punishes managers and supervisory employees for offenses, including, but not limited to, inefficiency, permitting employees to work on the clock in excess of forty (40) hours per week, and failing to clock employees out for breaks.

    Response:

    Defendant has no documents responsive to this request in his possession, custody or control.

18. Documentation of any conversations between management and any employee regarding the violations alleged in this case and the substance of those conversations, including but not limited to any potential consequences for the employee of inquiring further into the violations.

    Defendant has no documents responsive to this request in his possession, custody or control.

19. Any and all documents evidencing the manual changing of employee time clock records. Defendant has no documents responsive to this request in his possession, custody or control.

Response:

Defendant has no documents responsive to this request in his possession, custody or control.

AS TO ALL OBJECTIONS:

_____
Steven C. Polly (0070473)

Respectfully Submitted,

_____
Steven C. Polly (0070473)
James W. Ellis (0072663)
Battle & Polly LLC
1250 Linda Street, Ste. 100
Rocky River, Ohio 44116
(440) 895-2700
(440) 895-0300 (FAX)
polly@cbattlelaw.com
ellis@cbattlelaw.com
Attorneys for Defendant Joseph Hanna

CERTIFICATE OF SERVICE

A copy of the foregoing Defendant Joseph Hanna's Responses to Plaintiff Ashley Parry's First Request for the Production of Documents were served this 31st day of August via electronic mail transmission and regular U.S. Mail to the following:

Clifford Bendau, Esq.
The Bendau Law Firm PLLC
6350 E. Thomas Road, Ste. 330
Scottsdale, Arizona 85251

and

James Simon, Esq.
Law Offices of Andrew J. Simon
6000 Freedom Square Drive
Freedom Square II - Suite 165
Independence, Ohio

and


Daniel Sucher, Esq.
1001 Jaycox Road
Avon, Ohio 44011

_____
Steven C. Polly (0070473)