UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY A. PARRY, *et al.*, | ) | Case No.: 1:15 CV 114 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WESTLAKE BISTRO | ) | |
| GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Plaintiffs' Ashley A. Parry, Rosalina, M. Naida, Monica F. Leone, and Maria Nagle (collectively, "Plaintiffs") Motions to Show Cause and for Attorney Fees. (ECF No. 70). Also pending is Plaintiffs' Motion to Adopt the Settlement Agreement Under Seal. (ECF No. 72.) For the following reasons, Plaintiffs' Motion to Show Cause is denied. Plaintiffs' Motions for Attorney Fees and to Adopt the Settlement Agreement Under Seal are denied as moot.

## I. BACKGROUND

On January 21, 2015, Plaintiffs commenced this collective action against Defendants Westlake Bistro Group, Inc., West 6th St. Partners. Inc., Thomas Culkar ("Culkar"), Molly Culkar, and Joseph Hanna, on behalf of themselves and those similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"), *as amended*, 29 U.S.C. § 216(b). (*See* Compl., ECF No. 1; *see also* First Am. Compl., ECF No. 28.)

On August 25, 2017, Plaintiffs and Culkar (collectively, the "Parties") filed a Joint Stipulation of Dismissal, having reached a settlement, the terms of which remain confidential. (*See*

Joint Stipulation, ECF No. 65.)[1] Pursuant to that agreement, the Parties agreed that the court would retain jurisdiction to enforce the terms of the settlement agreement. (*See id.* at 1.) On November 2, 2017, Plaintiffs filed the instant Motion to Show Cause and Motion for Attorney Fees. (Mot. Show Cause & Att'y Fees, ECF No. 70.) On December 11, 2017, the court held a telephonic status conference to discuss the Motions, particularly whether the court had the authority to hold Culkar in contempt of court. (*See* Dec. 11, 2018 Order, ECF No. 71.) As a result of that conference, Plaintiffs were given time to supplement their Motions on that issue, to which Defendant was to respond. (*Id*. at 1.)

## II. LAW AND ANALYSIS

Plaintiffs argue that Culkar should be required to show cause why he should not be held in contempt for violating this court's "order" dated August 24, 2017.[2] (*See* Mot. Show Cause & Att'y Fees 1.) Culkar responds that he cannot be held in contempt because he has not violated a definite and specific order of the court. (*See* Def.'s Opp'n Mot. Show Cause 2.)

Both parties rely on *Gashco v. Global Fitness Holdings, LLC*, Case No. 2:11-CV-436, 2017 WL 2226604 (S.D. Ohio May 19, 2017), *rev'd*, 875 F.3d 795 (6th Cir. 2017), to support their respective positions regarding whether Culkar may be held in contempt for violating a court order. (*See* Pls.' Supplement Mot. Show Cause & Att'y Fees 3, ECF No. 72; Def.'s Opp'n Mot. Show Cause, ECF No. 73.) Relevant to that question is whether the court has indeed retained jurisdiction

---

[1] Plaintiffs and Culkar filed an identical Joint Stipulation of Dismissal in the related case, *McCall, et al. v. Westlake Bistro Group, Inc*., *et al.*, Case No. 1:15-CV-115-SO. (ECF No. 57 in Case No. 1:15-CV-115.)

[2] The court notes that Plaintiffs erroneously refer to the Joint Stipulation as the court's "order" in their briefings.

over the Parties' settlement agreement.

The enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Ordinarily, a district court does not retain jurisdiction to enforce a settlement agreement made pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) unless: (1) by agreement of the parties, the court's order of dismissal incorporates a separate provision obligating the parties to comply with the terms of the settlement agreement, such as a provision "retaining jurisdiction"; or (2) the dismissal order incorporates the terms of the settlement agreement itself. *See Georgandellis v. Holzer Clinic, Inc.*, Case No. 2:08-CV-626, 2015 WL 1245855, at *2–3 (S.D. Ohio Mar. 18, 2015) (citing *Kokkonen*, 511 U.S. at 381–82). Absent a court order incorporating such terms by consent of both parties, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *See Konokken*, 511 U.S. at 382. A stipulation of dismissal entered pursuant to Rule 41(a)(1)(ii) is self-executing upon filing and does not require judicial approval or action. *See Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (noting that "a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval." (citing *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir. 1987))).

Here, although the Parties purported to extend jurisdiction by agreeing that "[t]he dismissal shall be with prejudice except that the [c]ourt shall retain jurisdiction to enforce the terms of the parties' settlement agreement," that consent alone is insufficient to confer ancillary jurisdiction to a district court over a settlement agreement. (*See* Joint Stipulation 1.) Rather, the Parties must have consented to the court's retention of jurisdiction over the enforcement of the settlement agreement,

and they must have requested that the court issue an order to that effect. *See Hinsdale*, 823 F.2d at 995 (explaining that "[i]t is well settled that jurisdiction cannot be conferred upon the federal courts by consent.") Absent both of those circumstances, the court's jurisdiction terminated upon the filing of the Joint Stipulation. *See Georgandellis*, 2015 WL 1245855, at *4 (finding that the parties' agreement that the district court "would have jurisdiction in the case of a dispute arising from the [settlement agreement]," did not "override federal law as it concerns federal jurisdiction," where the parties did not request that the court file an order dismissing the case and retaining jurisdiction.) Thus, if Plaintiffs wish to bring a claim for breach of the settlement agreement, absent an independent basis for federal jurisdiction, they must do so in state court. *See id.* at *2 (noting that, when "a plaintiff voluntarily dismisses a suit pursuant to Rule 41(a)(1)(ii), a claim for breach of that settlement agreement is simply a claim for breach of contract, 'part of the consideration for which was dismissal of an earlier federal suit.'" (quoting *Kokkonen*, 511 U.S. at 381)). Accordingly, because the court finds that it did not retain jurisdiction over the enforcement of the Parties' settlement agreement, it need not address Plaintiffs' related request for attorney fees and costs or their Motion to Adopt the Settlement Agreement Under Seal.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Show Cause (ECF No. 70) is denied. Plaintiffs' Motion for Attorney Fees (ECF No. 70) is denied as moot. Plaintiffs' Motion to Adopt the Settlement Agreement Under Seal (ECF No. 72) is also denied as moot.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 20, 2018